Good morning. Good morning. Shan Potts for the petitioner Jean-Pierre Arteaga. Mr. Arteaga is a long-term permanent resident of 18 years. He was placed in removal proceedings based on the government's assertion that he had convictions for a violation of Vehicle Code 10-851, as well as a violation of Health and Safety Code 11-377. At that time, the petitioner asserted that he was a national in the United States. On what basis would he be a national? Well, the petitioner was a long-time permanent resident in the United States. He had applied for naturalization in the United States, had taken the exam. The only thing that was absent was actually taking the oath for the exam. And that's an essential step, and without it, you're not a citizen. That's black-letter, bright-line law. And the petitioner acknowledges that. So he's not a citizen. Yes, but there's a distinction between being a national and being a citizen. What's the definition of national? The definition of national is set forth in 8 U.S.C. 1101. It defines a national as an individual who is a citizen or a person, though not a citizen, owes a permanent allegiance to the United States. This court, in the matter of Hughes, asserted that although a person isn't a citizen in the United States, if they made substantial efforts to show their allegiance, such as applying for naturalization, then they may be considered a national. And in that case, the Ninth Circuit did, in fact, consider that individual a national. That case is analogous to this case in that that petitioner was a long-term permanent resident, just as this petitioner. That petitioner had applied for naturalization, just as this petitioner. What about Perdillo? Well, I believe the Ninth Circuit, in that matter, I believe Hughes is more aligned with the regulations than Perdillo. With Perdillo, it went beyond the regulations. Perdillo, the regulations state specifically that though not a citizen of the United States, owes a permanent allegiance to the United States. If the court were to follow the analysis under Perdillo, it would require that the individual actually be a citizen of the United States. That's inconsistent with the regulations. But aren't we bound by what we said in Perdomo? I believe that there are two decisions by the Ninth Circuit that touches upon this issue. One is in Perdomo, and the other is in Hughes. Hughes says, you know, at a minimum, minimum you have to show either birth in a territory or application for citizenship. Correct, yeah. Expressly said, we do not decide what additional facts, if any, would have to be proven. So then you go to Perdomo. So Hughes, in my view, doesn't control the situation. I think if we look at Perdomo, if we look at that analysis, and then compare that analysis to the actual regulations, that analysis in Perdomo goes one step beyond the regulations. The regulations specifically allows for the protection or the entitlement to individuals who are not citizens. The Perdomo analysis would limit the status of a national only to citizens, because it would actually require that the individual be a citizen. That goes beyond the definition of what a national is. A national – Respectfully, I understand that, Your Honor. What's your next point? The next issue is the immigration court determined that the petitioner's violation of Vehicle Code 10-851 was a theft offense, and thus an aggravated felony. And the petitioner asserts that it's, in fact, not a theft offense. He asserts that on two grounds. Vehicle Code 10-851 is overly broad. It allows for individuals to be convicted of this statute as an accessory after the fact, and it doesn't require an intent to deprive. The intent to deprive is essential because it's that intent to deprive, whether permanently or temporarily, which goes to the heart of the matter. Are you familiar with the recent Supreme Court opinion in Duenas? Yes, I am, Your Honor. What does that do to your argument? I think the Supreme Court opinion and the Supreme Court's reasoning supports my argument. The Supreme Court specifically stated that when it looked at Pannulliar under the analysis of aiding and abetting, that an aider and abetter is treated just as the principal. In our argument, the Vehicle Code here goes beyond just aiders and abetters, but it goes to those individuals who are an accessory after the fact. In the state of California, aider and abetter and the principals are treated the same. They both have liability for the conduct. However, an accessory after the fact, as is in this case, which the government has acknowledged in their brief, can be implicated in the matter without having an intent to deprive the owner of the property. Moreover, if we take a close look at the statute, the statute specifically states that the statute is bifurcated by ORs. The first part of the statute indicates that an individual who either temporarily or permanently deprives an individual of his vehicle, then it goes on to say OR an individual who is a principal, an accessory, or an accomplished, who unlawfully drives without authorization. Simply as an accessory after the fact, driving the vehicle without authorization is a cry from a theft offense. You're probably familiar with Pannulliar v. Gonzalez, which was generally held in your favor, but the Supreme Court has sent that back for reconsideration in the light of Duenas. So probably we're going to have to wait and see what our court does in Pannulliar before we can cope with this argument. I understand, Your Honor. That would be my tentative conclusion. There's one last point. The Ninth Circuit in a similar case, an analogous case, had reached a similar analysis as what the petitioner is presenting. That matter is the United States v. Perez-Colonia. That's an Arizona case. The Arizona case deals specifically with knowingly taking unauthorized control of a means of transportation. The Ninth Circuit in that case stated that this is analogous to a joyriding of, oops, I retract that, stated that there's no intent that's required for the violation of this statute. Just as there was no intent required in the violation of that Arizona statute, there would be no intent categorically required in the violation of Vehicle Code 10851. Yeah, in that case, the distinction was there was no intent to deprive either temporarily or permanently. So I'm not sure that really helps your case because you're trying to make a distinction between whether someone had the intent to deprive temporarily as opposed to permanently. And in this case, Perez-Colonia said there was no intent to deprive, period. I think if we look at our statute closely, one may be convicted of this statute without an intent to deprive, period, just as in Corona. And I get to that because the statute is bifurcated. The first part of the statute deals with a temporary or permanent taking. However, the second part of the statute deals with an individual who is an accessory after the fact or an accomplice who's involved in unauthorized driving. So under that second prong of the statute, there would be no intent to deprive the owner. If we look to that second part of the statute, one may be convicted of this statute simply by driving their vehicle as an accessory after the fact, never having any intent to deprive the owner, only an unauthorized use of the vehicle. Driving as an accessory after the fact? That's the direct language from the statute. What's your next point? Lastly, looking at this case specifically, the petitioner had applied for protection under withholding and protection under convention against torture. The immigration judge reasoned that the petitioner was not a member of a protected social group. The petitioner argued that he was a former gang member, and thus his past experience and his immutable characteristics such as his body tattoos and his history and culture within this organization. So he's a member of a social group that's entitled to protection? Correct, Your Honor. Is the mafia a social group? I think there's a distinct – the immigration judge raised that issue. The immigration judge asserted that a street gang isn't the type of social group that deserves protection. He made a comparison between someone who's a Muslim or someone who's a Republican. He made the assertion that there's some groups deserving protection, there's some other groups not deserving protection. But the heart of a withholding claim is not to look at the group and to decide whether or not someone's deserving or not. The heart of a withholding claim is to look at the issue of persecution. Now, although the courts have recognized that although there are groups who may be socially undesirable, if we look at the street gang and the way the street gang was presented in this context, although there is some conduct that's not socially desirable, there's other conduct which has a social relevance, such as these street gangs provide fraternity and also provide other – So did the Nazi party and the Ku Klux Klan. Your argument would – there are laws that prohibit – well, they don't prohibit, but there are laws that identify Nazi war criminals hiding in the United States who lied about their participation in the Nazi party to get into the United States. And the laws say once we figure out that you faked your way into the United States by denying your past, we can actually denaturalize you, take your citizenship away, and then deport you to another country. And it seems that your position would allow Nazis under those circumstances to claim they belong to a particular social group and be able to use the immigration laws to avoid being sent out of the country. Respectfully, Your Honor, when we look at social groups, there are a lot of social groups that are social, that are undesirable, such as the Ku Klux Klan. They're antisocial groups. Well, there may be antisocial groups, but the heart of an asylum claim, the heart of a protection claim is to look at a group and to look at whether or not the person is being persecuted by their mere membership of the group. If you think Paris Hilton is getting a lot of heat, wait until you see what happens when we write an opinion saying that street gangs are social groups entitled to asylum protection in the United States. Paris will love that because she'll get it off the front page. There's one last point. What are the immutable characteristics of a gang member? I mean, is it just the tattoos? It's not simply the tattoos. There's a whole history and there's a whole culture. But they can change. That's the point about it. It's not immutable. It's not something that can't be changed. And oftentimes gang members become ex-gang members. So how is it immutable? That's specifically the facts in this case, in that he wasn't asserting that he was a gang member, and that was why he was a member of a social group. He was asserting that he was a former gang member. And him being a former gang member, him having the tattoos, him having a shared past experience was something that he couldn't change. And it was exactly those characteristics, his past experience, and these immutable characteristics on why he would be targeted for persecution. Do you have any cases that say you're no longer a member of that social group? You're no longer a member of that social group when you appear before the immigration authorities. But based on your previous association with that social group. I think, to clarify, the petitioner in this instance isn't claiming that he's a member of the social group of gang members. He's claiming he's a member of the social group of past gang members. And that's the great distinction. The question is, what case authority supports an argument that an ex-member of a social group is entitled to protection for the ex-membership status? Well, I believe if we look at a matter of a costa, we're looking at whether or not an individual is a member of a social group by looking at their immutable characteristics. But he's not even a member of a social group anymore. He just happens to share a certain past with other people. And that is the social group. The social group is that he is a former member of a gang. And as a former member, he has a past experience that he shares that he cannot change, and therefore he's immutable. And because of those past experiences and because of past characteristics, that's why he would be persecuted. We understand your argument, Kelsey. You've exceeded your time, but we will give you one minute for rebuttal. Thank you. Good morning once again, Your Honors, and may it please the Court. My name is Jonathan Robbins, and I'm here on behalf of the respondent in this matter. Your Honors, this petition for review should be dismissed because Section 242A-2C of the Immigration and Nationality Act precludes this Court from having jurisdiction to review a final order of removal where the petitioner has been convicted of a criminal offense. In this case, the petitioner has been convicted of a criminal offense and, in this case, conviction of possession of methamphetamines under California health and safety code. Now, to be sure, the bulk of the petitioner's arguments are essentially aimed at avoiding the ramifications of 242A. So the meth does it. We don't have to pay any attention to the 10851? The meth problem does it right there. The 10851 is irrelevant. Well, it's not irrelevant. I'll get to that in a minute because he is making an argument here. Because the Court does retain limited jurisdiction in certain situations. For example, to determine whether or not the bar at 242A-2C applies, and certainly he does that with his argument as a national and with certain constitutional and legal claims, and certainly whether or not 10851 qualifies as an aggravated felony is a legal claim. Excuse me. Did the IJ hold that the drug conviction was an aggravated felony? No, Your Honor. There was a decision that specifically said that it was not an aggravated felony. Right. So how does that do it? I'm sorry. How does that do it for us? It's still a controlled substance violation under Section 237A-2B. And did the IJ hold him removable based on the controlled substance offense? In the notice to appear, he was ordered removable. No, I mean the basis for the denial of asylum. Did the IJ say because you've committed a controlled substance offense? Yes. So how can we rely on that if the IJ didn't? Well, the IJ relied on the – well, he was still convicted of an aggravated felony regardless because of his conviction under the California Vehicle Code. Well, that's why that's the crucial issue because if the IJ didn't deny asylum based on the controlled substance offense, then we can't either. Can we? Yes, Your Honor, because at all times here he was convicted of an aggravated felony. There was evidence presented after – during the course of the proceedings. At first, they looked at the controlled substance violation and had initially determined that it was an aggravated felony. However, as the Cazares case came out and determined that it wasn't, the government submitted new evidence that he was still convicted of an aggravated felony. But we're limited to the ruling that the BIA made, right? We're revealing the BIA determination. We cannot – Correct. Okay. So what was the BIA ruling? The BIA ruling was that he committed an aggravated felony based on this death offense or – The car offense, and they specifically discounted the drug offense. Right. So we don't have the drug offense. Yeah, we don't have the drug offense before us. While not raised by the partisan appeal, we note that the immigration judge's ultimate conclusion is correct. No aggravated felony conviction, state drug possession. So they sort of wiped that out, didn't they? Except with the theft offense, right? Well, yes. Well, certainly – and certainly the conviction under 10851 of the California Vehicle Code is indeed a theft offense. So with respect to the petitioner's claim that he's a national, I just want to address that before we move on to the theft offense. Your Honors were exactly correct in that Padromo Padilla closes the situation. Now, in support of the claim that he's a national, he cites Hughes against Ashcroft, but Hughes against Ashcroft essentially left open the question of who might qualify as a national. That's a question which was closed by Padromo Padilla, which says that the only way you can become a national is through birth or naturalization. Based on the record here, he did attempt to apply for citizenship, but he never completed that citizenship, and therefore he's not a national under this court's established law. With respect to the theft offense for felony driving under the California Vehicle Code, just as a procedural matter, this case was held in abeyance while the Supreme Court decided Gonzalez against Duenas Alvarez, and the Supreme Court in that decision was dealing with the exact same statute under which the petitioner has been convicted for felony driving and says that it is indeed a theft offense and therefore it is an aggravated felony under the Immigration and Nationality Act. Well, now the petitioner has raised a nuance regarding whether or not a temporary, intent to temporarily deprive as opposed to intent to permanently deprive, constitutes a theft offense. Yes. Certainly in the Duenas Alvarez case, the court did not examine the issue of whether joyriding fell under the, they didn't address it because it wasn't before the court. However, the petitioner here has not been convicted of joyriding. He's been convicted of felony, unlawful felony driving under the California Vehicle Code, the exact same statute. Were we looking at the categorical approach or modified? Even under the definitions of theft as laid out in Duenas Alvarez, it's the exercise of control with the criminal intent to deprive, whether it's intended to be a permanent or temporary taking. So joyriding, even if you give joyriders the benefit of the doubt and assume they're going to leave it in the garage where they took the car or wherever, it's still a temporary taking. What about unauthorized driving? What is that? The section that he, that opposing counsel pointed out that said unauthorized driving. What does that mean? What is unauthorized driving? I'm not exactly sure what you're questioning. He said there's a portion of the statute that talks about unauthorized driving of a vehicle. Where does that fit in the categorical analysis? Well, you have to look at the definition of theft as provided for in the Supreme Court's ruling of Duenas Alvarez. It's the taking or exercise of control over property with the criminal intent to either intent to permanently or temporarily deprive someone of their property. And this petitioner has been convicted under this statute, under the exact statute as in the Supreme Court. I mean, the Supreme Court closes this off and says this is a theft offense and therefore an aggravated theft. Why do you think the Supreme Court sent Penular back to this court for us to rule on it? Well, I think, Your Honor, with respect to this court's decision in Penular, that that case should probably be overturned on a particular point in light of Duenas Alvarez. The Supreme Court is not hesitant at all to summarily overturn our decision. So why do you think it sent it back instead of reversing it? Well, I don't want to speak for any Supreme Court justices here, but maybe it was a measure of respect for this court. I don't know. Maybe they feel there's an issue there that they haven't addressed or that wasn't before the court in Duenas Alvarez. I can't speak to what their reasoning was. All I know is that on this particular point they specifically determined that the differentiation between a permanent and temporary taking is really irrelevant. Do you think it would be prudent for us to reserve ruling on this issue until the Penular panel has sorted out the application of Duenas Alvarez to that situation? I don't think it's really necessary in this case, Your Honor, because the petitioner wasn't convicted of joyriding here. He was convicted of felony unlawful driving under the exact same statute that was analyzed in Duenas Alvarez. The Supreme Court says that this is a theft offense and therefore an aggravated felony under the Immigration and Nationality Act. So I don't really believe it's necessary to wait for a ruling on Penular. Now, with respect to this insinuation of the immigration judge's bias, the petitioner here has implied that the immigration judge somehow insinuated that certain groups were more deserving of withholding of removal than others, and that's simply not the case based on the record evidence here. With respect to the petitioner's argument, he doesn't cite any particular parts of the record where the immigration judge was, in fact, biased. How about the merits of the argument on the social group? Well, this would be probably a good time to bring up this court's decision in Ramadan against Gonzalez because that's applicable here, and there's a question as to whether or not this court has subject matter jurisdiction to even review this case. Now, I want to preface this by saying that Ramadan is this court's established law. I'm not in any way disputing that, but the government's position here is tenuous because just to give you an idea of where the Ramadan case is right now, the government just recently submitted its views to determine whether or not that case should be heard on Bank. So the government is still of a different position on Ramadan, so I want to be very careful about how I approach this. But in terms of this inquiry, if you look at the withholding of removal inquiry here, it's essentially the same inquiry as was put forth in INS against Elias Zacharias here. We're looking at whether or not... Now, in Elias Zacharias, it was on account of a political opinion, and here it's on account of a particular social group, but essentially it's the same factually based analysis, and this court doesn't have jurisdiction to review that kind of... the subject matter jurisdiction to review that kind of factually based analysis. Now, I'm aware of the court's decision in Ramadan where it's this mixed question of law and mixed question of fact, but there's no question of law here. It's not what's defined as a particular social group. It's applying the facts to what we already know is the legal definition of a particular social group here. A particular social group is that group that has that immutable characteristic that the petitioner talked about, and this is an application of the facts, just like it was an application in Elias Zacharias. So I guess that's all I'll say about Ramadan. Respectfully, I would respectfully remind the court to keep in mind that that case is still... We just submitted our views with respect to Ramadan, and I'll leave it at that. But ultimately in this case, the outcome is the same, because even if this court does find that it has jurisdiction to review this, the petitioner still hasn't met the standard of establishing a clear probability of either persecution or that he would be tortured upon his return to El Salvador. With respect to the withholding of removal and the claims of persecution here, it's important to note here that the immigration judge and the board found that he was himself a persecutor as part of these gangs. During the immigration judge's hearing, during the merits testimony, the petitioner admitted to seeking out rival gang members with his friends and beating them up and running them over with vehicles. Is 1231B1B just stop the whole thing cold? Persecutors aren't eligible for removal? Well, and this court's case in Vuk Norovic against Ashcroft, where if you're a persecutor, you can't claim that you're going to be persecuted. So if we agree with him that these are social groups beating up each other, then he's a persecutor. Well, I've gotten a little ahead of myself here, because I really should have started with the fact that these particular types of... Now, he's saying that he has this shared experience of past gang membership, but he himself admits that he's a former gang member. It's not an immutable characteristic. But in order to be a persecutor, don't you have to persecute people on account of their protected, you know, one of the protected categories? Yes. So that's not... And what he's claiming is that he persecuted these rival gang members. Other social group members. Exactly. Well, I want to be careful here, because I want to make sure that I'm not being confusing about the phases of the argument here. I'm not... Well, you've exceeded your time, so you need to wrap up pretty quickly. Okay, certainly, Your Honors. I would just respectfully request that this court uphold the board's decision in this matter, and that the petitioner did not meet the standards for withholding a removal or withholding under the regulations implemented in the Convention Against Torture, and that this court ultimately doesn't have jurisdiction to review, essentially, what is the same inquiry in Elias Zacharias, this factually based determination, and that Duenas Alvarez closes the matter of whether or not the statute he was convicted under was a theft offense, and that this petition for review should be dismissed under 242A2C. Thank you, Your Honors. Thank you, counsel. One minute for rebuttal. The petitioner likes to address two essential issues. The one, the vehicle code 10581, and the one, the withholding claim. As it relates to the withholding claim, in addition to the earlier arguments, the petitioner asserts that the immigration judge used the improper standards. In this case, the petitioner had used as evidence the testimony of a Supreme Court magistrate and a former chief of police to talk about the likelihood that he would be harmed if he returned to his country. The court used a standard of absolute certainty as opposed to a more likely than not, therefore applying the incorrect standard. Let me get this correct. You're not arguing that the gangs are social groups. You're arguing that former members are social groups. Yes. Okay. You beat an interesting catch-22. I mean, if you're arguing that the gang was a social group, then your client is a persecutor because he was beating up other members of those social groups. But you're not arguing that the gangs are social groups. We're arguing that the former gang membership, because of their shared experience and because of their characteristics, are social groups. And that's the reason why he would be persecuted, because it would be imputed upon him if he's returned that he is a gang member, whether or not he's a former or a present gang member. Okay, counsel, could you please wrap up? You've exceeded your rebuttal time. Yes, and as it relates to Vehicle Code 10851, the petitioner is not asserting that it's a joyriding offense. He's only asserting that that Vehicle Code statute is not a theft offense because it also includes temporary taking. It also includes culpability as an accessory after the fact. And under the second prong of the statute, there's no intent that's required. There's only the knowledge of an unauthorized use of a vehicle. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for a decision by the court.
judges: Trott, Rawlinson, King